LOUIS POLANSKY, PROSECUTOR, v. FEDERAL SHIPBUILDING AND DRY DOCK COMPANY, RESPONDENT.

Submitted October 2, 1945—Decided November 7, 1945.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and OLIPHANT.

For the prosecutor, *Laurence Semel.*

For the respondent, *William L. Dill, Jr.,* and *Thomas Moloney.*

The opinion of the court was delivered by

PARKER, J. This is a workmen's compensation case. For reasons presently to be discussed, the deputy commissioner dismissed the petition; the petitioner appealed to the Essex Common Pleas, and Judge Naughright filed an opinion affirming the action of the commissioner. A writ of *certiorari* was allowed, and the case is now submitted on briefs.

The case was one of hernia. There seems to be no doubt about the occurrence of the attack while the man was doing rather heavy work on a Saturday afternoon. Notice was not given until Monday. The only question in the case is whether notice was given to the employer under the twenty-four hour rule laid down in the statute. *R. S.* 34:15–12 x. That provision contains a parenthetical clause immediately following, which reads: "(days when the business is not in operation:— such as Sundays, Saturdays or holidays shall be excluded from this 24 hour period)."

The important, and to our minds the determinative language is "days when the business is not in operation." The mention of "Sundays, Saturdays or holidays" is merely illustrative. It is common knowledge that most businesses are conducted on Saturdays. Many are "in operation" on Sundays, as for example railways, trolley and bus lines, hotels, gas works, electric light works, &c. The respondent company was "in operation" on a Saturday, when the accident occurred. It was also "in operation" on the following day, Sunday; and the case before us shows that nearly 1,500 employees were at work on that Sunday. Notice of the accident was not given until Monday.

We are clearly of opinion that the twenty-four hour period expired on Sunday, and that notice given on Monday came too late.

These considerations lead to a dismissal of the writ.